UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK BROWN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:18-cv-01945-TWP-TAB ) |
| STATE OF INDIANA, | ) ) |
| Respondent. | ) ) |

**ORDER DISCUSSING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALBILITY**

In his petition for writ of habeas corpus, petitioner Mark Brown challenges the Indiana Department of Correction's ("IDOC") calculation of credit time at the date of his sentencing for his 2014 rape conviction in Vanderburgh County, Indiana. The respondent argues that the petition must be denied because it is time-barred, non-cognizable, meritless, and procedurally defaulted. Mr. Brown has not replied and the time to do so has passed. The Court finds that Mr. Brown's claim is unexhausted. Therefore, his petition for a writ of habeas corpus must be dismissed without prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

On April 10, 2014, pursuant to a plea agreement, Mr. Brown was sentenced to twenty years' incarceration for rape. Dkt. 6-1. He did not seek either direct review of his conviction or post-conviction relief. *Id*.

On June 25, 2018, Mr. Brown filed his petition for writ of habeas corpus in this Court. One month later, on July 25, 2018, he filed a "Motion for Court to Grant Good Earned Credit Time and Additional Good Earned Credit Time" in the state trial court. On July 31, 2018, the trial court

denied the motion noting that Mr. Brown received the 880 days for which he claims he was not credited. He did not appeal. *Id*.

**II. Applicable Law**

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A). "Fair presentment requires . . . the petitioner [to] raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory," such as the Indiana Supreme Court. *King v. Pfister*, 834 F.3d 808, 815 (7th Cir. 2016) (citation and quotation marks omitted). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* (citation and quotation marks omitted).

**III.
Discussion**

Mr. Brown has not exhausted his claim in state court. He filed a motion for credit time in state court after filing his federal habeas petition, but he did not appeal when the trial court denied his motion. Furthermore, the respondent argues that Indiana law requires inmates to exhaust their administrative remedies within the IDOC before bringing time-calculation claims in state court. *See Neff v. State*, 888 N.E.2d 1249 (Ind. 2008).

The respondent argues that Mr. Brown's claim is procedurally defaulted and that his petition should be denied with prejudice, but it appears that Mr. Brown could still exhaust his

administrative remedies and seek post-conviction relief in state court. Therefore, his petition is **dismissed without prejudice** for failure to exhaust state court remedies.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist would find it "debatable whether [this Court] was correct in its procedural ruling" that Mr. Brown has failed to exhaust his state court remedies. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability is **denied**.

### V. Conclusion

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **dismissed without prejudice** and a certificate of appealability shall not issue. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/17/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARK BROWN
246557
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov